No. 276

WEYER v. DUNCANSON

No. 19629. Supreme Court

On motion to certify. Dock. Feb. 18, 1926; 4 Abs. 142.

225. CHARGE TO JURY—In a suit for damages arising from an automobile accident at night, is it prejudicial error to refuse to charge the jury that it is negligence to so keep an automobile under control when driving in the night season that it may be stopped within the range of vision permitted by the lights?

It appears that John Weyer was riding in T. C. Duncanson's automobile on October 10, 1923, near Hillsboro, Ohio, and that upon running into a pile of loose stone the car swerved into a ditch and thereupon Weyer's eye was injured by the broken glass.

The trial in the Fayette Common Pleas resulted in a verdict for Duncanson and the judgment thereon was affirmed by the Court of Appeals.

Weyer, in the Supreme Court, contends that prejudicial error was committed by the court's refusal to charge as follows:

1. It was the duty of the defendant in driving his car at night, to drive his car at such a rate of speed, and to keep it under such control, that if there was an obstruction in the road he could stop his car within the distance that the obstruction could be seen from the lights on his machine.

2. It was the duty of the defendant, in driving his car on the public highway at night when he must depend upon the light from his machine to see the condition of the highway, to keep his car under such control that he could stop or avoid an obstruction thereon within the range of the light produced by the lamps on his automobile, and failure on his part to keep his car under such control is negligence.

Attorneys—Bush, Clyburn & Paxson, for Weyer; John Logan for Duncanson; all of Washington Court House.

No. 277

TRAVER et v. CARPENTER

No. 19626. Supreme Court

On motion to certify. Dock. Feb. 16, 1926; 4 Abs. 128.

670. JOINDER—May a party, who, it is admitted, has no liability to plaintiff, be joined with a non-resident of the county as a party defendant for the purpose of obtaining jurisdiction over the non-resident defendant and maintaining a suit in the county wherein the plaintiff resides?

Anna Carpenter, on January 17, 1924, was riding in an automobile of Fred Smith when she was injured thru the alleged negligence of Edward Traver. Suit was filed against Smith and Traver as co-defendants. Traver was a resident of Wood County and Smith of Lucas County. It is admitted that Smith was made a party defendant solely for the purpose of conferring jurisdiction on the Lucas County Court over the non-resident Travers.

The Lucas Common Pleas dismissed the action but was reversed by the Court of Appeals.

Traver, in the Supreme Court, contends that the action should be dismissed under 11375 GC. as a sham petition because Carpenter is attempting to perpetrate a fraud on Travers by joining Smith as a party defendant when it is admitted that Smith is in no way liable and that he was made a party defendant solely for the purpose of obtaining jurisdiction over Travers in Lucas County.

Attorneys—N. R. Harrington, Bowling Green, Fred A. Riehm and Cornell Schreiber, Toledo, for Traver et; B. F. James, Bowling Green, for Carpenter.

---

## Bound Volumes

For the Years

# 1923, 1924 and 1925

# OHIO

# LAW ABSTRACTS

JUST A FEW VOLUMES OF 1923 LEFT

And They Will Soon be Taken

THEY GROW MORE VALUABLE WITH AGE

PRICE NOW $17.50, EACH

## Sets of the 3 Vols.

# Now $36.00

Delivered

Including the Ternary (3 Years) Digest $40.00

WRITE FOR PARTICULARS

# Law Abstract Company

CLEVELAND, O.

13916 Euclid Avenue